UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § | BANKRUPTCY CASE |
| | § | |
| MARVIN SCOTT REED A/K/A SCOTT | § | |
| REED AND LOIS RENEE REED A/K/A | § | |
| LOIS RENEE JOHNSON, | § | NO. 10-32287 |
| | § | |
| Debtors. | § | CHAPTER 13 |

## OBJECTION TO CONFIRMATION

COMES NOW, GREEN TREE SERVICING LLC, SUCCESSOR IN INTEREST TO
BOMBARDIER CAPITAL, INC.  hereinafter referred to as "GREEN TREE", and objects to
confirmation of the Debtors' Chapter 13 Plan and shows this Court as follows:

1.

MARVIN SCOTT REED A/K/A SCOTT REED AND LOIS RENEE REED A/K/A LOIS
RENEE JOHNSON (hereinafter referred to as "Debtors") filed a Chapter 13 bankruptcy on May 7,
2010.  GREEN TREE holds a perfected security interest in the Debtor's real property located at 8137
Paradise Drive, Powell, TN 37849 and a 1999 Buccaneer Clipper mobile home, Serial Number
ALBUS27993ABand all fixtures and appliances purchased with the mobile home, by virtue of a
Note, Deed of Trust, and Certificate of Title.  The Debtors' Chapter 13 Plan provides for GREEN
TREE'S claim to be paid inside the Plan.  The Debtor has valued the home at $20,000.00.

2.

GREEN TREE objects to confirmation of the Debtor's Plan in that GREEN TREE is secured
by Debtor's principal residence.  Pursuant to 11 U.S.C. § 1322 (b)(2) the Debtor cannot modify
GREEN TREE's mortgage.

3.

Alternatively, if the Debtors are not using the property as their principal residence, GREEN

TREE objects to the Plan provision because Debtors have no equity in the property and it is not necessary for an effective reorganization.

4.

Alternatively, GREEN TREE objects to confirmation of the Debtors' Plan unless it receives the value of its collateral over the term of the Plan plus interest as provided by 11 U.S.C. Sections 506(b) and 1325(a)(5)(B). This court should conduct a hearing to determine the value of the collateral which secures GREEN TREE's claim. GREEN TREE further objects to confirmation of the Debtors' Plan unless the difference between GREEN TREE's payoff and the value of the collateral which secures GREEN TREE's claim is funded as an unsecured claim.

5.

GREEN TREE further objects to confirmation of the Debtors' Plan unless it receives an amount on a monthly basis sufficient to satisfy the requirements of adequate protection.

6.

GREEN TREE further objects to confirmation of the Debtors' Plan unless the Plan provides that all of the Debtors' disposable income be paid into the Plan.

7.

GREEN TREE further objects to confirmation of the Debtors' Plan unless it receives in this Chapter 13 case what it would receive in a Chapter 7 liquidation.

WHEREFORE, GREEN TREE prays that the Debtor's Chapter 13 Plan be denied confirmation and for such other and further relief as this Court deems just and appropriate.

RESPECTFULLY SUBMITTED, this 25th day of May, 2010.

/s/john a. medina
JOHN A. MEDINA
Ga. Bar No. 500670
For the Firm of
KENNEY, SOLOMON & MEDINA, P.C.
3675 Crestwood Parkway, Suite 300
Duluth, Georgia 30096
(770) 564-1600
Attorneys for GREEN TREE

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served the foregoing **Objection to Confirmation** upon the Debtor, MARVIN SCOTT REED A/K/A SCOTT REED AND LOIS RENEE REED A/K/A LOIS RENEE JOHNSON, PO Box 379, Powell, TN 37849, upon the Debtor's attorney, JOHN P. NEWTON, JR., Law Offices of Mayer & Newton, 1111 Northshore Drive, Ste. S-570, Knoxville, TN 37919, and upon the Chapter 13 Trustee, GWENDOLYN M. KERNEY, PO Box 228, Knoxville, TN 37901, by depositing a copy of same in an envelope with adequate postage affixed thereon to insure delivery by United States Mail.

This 25th day of May, 2010.

/s/john a. medina
JOHN A. MEDINA
Ga. Bar No. 500670
For the Firm of
KENNEY, SOLOMON & MEDINA, P.C.
3675 Crestwood Parkway, Suite 300
Duluth, Georgia 30096
(770) 564-1600
Attorneys for  GREEN TREE

K:\GT\ReedMarvinLois\OBJ 52510.wpd